## GILMAN *vs.* WELLS.

A promissory note payable in *specific articles* is ~~not~~ within the meaning of the *proviso* in the statute of limitations, (1821, *ch.* 62,) by which promissory notes for the payment of *money*, if attested by a subscribing witness, are excepted from its operation.

THIS case, which was briefly spoken to by *Hutchinson* for the plaintiff, and *Wells* for the defendant, is stated in the opinion of the Court afterwards delivered by

MELLEN C. J. In this action the plaintiff declares on a promissory note made by the defendant whereby he promised to pay to the plaintiff the sum of $50 in corn, within a certain time, which had elapsed more than six years before the commencement of the suit. The note was attested by one subscribing witness. These facts appearing on the pleadings, ending in a demurrer, the question made by the plaintiff is whether the note in question is saved from the operation of the statute of limitations of 1821, *ch.* 62, by virtue of the 10th section of the statute, which is in these words, viz. "That this act shall not extend to bar any action hereafter brought upon any note in writing, made and signed by any person or persons, and attested by any one or more witnesses, whereby such person or persons has promised or shall promise to pay to any other person or persons any sum of money mentioned in such note; but all actions upon such note or notes, brought by the promisee, his executor or administrator, shall and may be maintained as if this act had never been made; any thing herein contained to the contrary notwithstanding." It is admitted that the note in suit is not negotiable; but why

4

is it not, if in legal contemplation it is a note for the payment of a sum of money ? It is not payable on any contingency. It is said that as it was not paid when it fell due, it then became payable in money, and not in corn, and that the plaintiff could recover his damages in money, by reason of the breach of the contract. This is true ; but the section above cited has reference to the nature and effect of the promise at the time it is made, not when it is broken. The defendant had a legal right to pay the amount of the note at the appointed time in corn ; and a tender of that article would have been good ; but a man cannot tender corn in satisfaction of a promissory note payable in money: A promise to pay fifty dollars in corn is in law the same as a promise to pay fifty dollars worth of corn. We are not aware that the section in question has ever received a judicial construction different from the one we have now given. The action cannot be maintained.

*Replication adjudged insufficient.*